# EXHIBIT "D"

**Elsa Cuellar**
12988 61st Street North
West Palm Beach, Florida 33412

September _____, 2021

**Specialized Loan Servicing, LLC**
P.O. Box 630147
Littleton, CO 80163-0147
ATTN: QWR/Notice of Errors          Certified Mail # _____

## 2ND NOTICE OF ERROR & 3RD REQUEST FOR INFORMATION

**Property Owner:**      Elsa Cuellar

**Property Address:**    12988 61st Street North
                         West Palm Beach, Florida 33412

**Loan Number:**         ▇▇▇▇3 834

To Whom It May Concern:

1. As Servicer of the above referenced Mortgage Loan, please treat this as my second "notice of error" ("2nd NOE") pursuant to the Real Estate Settlement Procedures Act, subject to the response time set out in Regulation X, 12 C.F.R.§ 1024.35(e)(3)(i)(A). This also serves as my third request for an *accurate* payoff statement ("3rd payoff request").

2. On June 16, 2021, SLS insufficiently and inaccurately responded to my first request for an accurate payoff statement by sending me a payoff statement that is inaccurate, and riddled with errors.

3. On August 30, 2021, I responded to SLS's erroneous June 16, 2021 payoff statement, with a second request for an accurate payoff statement (2nd payoff request) in which SLS received on September 2, 2021. Also on September 2, 2021, SLS received my 1st NOE directed at its inaccurate June 16, 2021 payoff statement. My 1st NOE also alleged that SLS and/or its debt collector attorney(s), may have violated the Fair Debt Collections Practices Act (FDCPA).

4. Although SLS received my 1st NOE more than seven (7) business days ago, it still has not yet responded to, or investigated my August 30, 2021 notice of error. As such, SLS has blatantly violated the timing and response requirements of 12 C.F.R. § 1024.35(b)(6), 12 C.F.R. § 1024.35(d), 12 C.F.R. § 1024.35(e)(3)(i)(A), and 12 C.F.R.§ 1026.36(c)(1).

- 12 C.F.R. § 1024.35(b)(6) requires servicers such as SLS "to provide an accurate payoff balance amount upon a borrower's request".

- Section § 1024.35(d) and (e)(3)(i)(A) of 12 C.F.R., mandates that SLS was required to timely acknowledge receipt of my August 30, 2021 NOE and was required to timely respond to, and properly investigate said NOE.

- Finally, 12 C.F.R. § 1026.36(c)(1) of the Truth in Lending Act (TILA), and its implementing regulation, Regulation Z obligates servicers such as SLS to provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. More importantly, Regulation Z provides that the payoff statement "shall be sent within a reasonable time, *but in no case more than **seven business days**, after receiving a written request from the consumer or any person acting on behalf of the consumer*".  (Emphasis supplied).

5.   Clearly, SLS has failed to acknowledged, respond to, and investigate my August 30, 2021 NOE – and to do so, "not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after September 2, 2021.

6.   Thank you for taking the time to respond to this 2nd Notice of Error and 3rd Request of Information.

Very truly yours,

_____/s/_____, September _____, 2021
Borrower